JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08891-ODW (MARx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Tinajero Colon et al v. General Motors LLC et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**                      **In Chambers**

      On August 15, 2025, Plaintiffs Joel Tinajero Colon and Christine Maureen Colon ("Plaintiffs") initiated this action against Defendant General Motors LLC in state court. (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-1.) The Complaint alleges breach of express and implied warranties and violations of the Song-Beverly Warranty Act. (*Id.*) Plaintiff seeks recission of the purchase contract; restitution; attorneys' fees and costs; civil penalties; and incidental and consequential damages. (*Id.*, Prayer for Relief.) On September 18, 2025, Defendant removed the action to this Court based on diversity jurisdiction. (NOR 3, ECF No. 1.) On October 1, 2025, the Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Order Show Cause, Dkt. No. 8.) On October 14, 2025, Defendant filed a Response. (Resp., Dkt. No. 14.) On October 17, 2025, Plaintiffs moved to remand, arguing Defendant fails to meet its burden to establish that the amount in controversy exceeds the jurisdictional threshold. (Mot. Remand, Dkt. No. 15.)

      Upon review of Defendant's Notice of Removal and Response to the Court's Order to Show Cause, the Court finds that Defendant fails to establish that the amount in controversy exceeds $75,000 and accordingly **REMANDS** the action.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08891-ODW (MARx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Tinajero Colon et al v. General Motors LLC et al.* | | |

federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Here, Defendant contends that Plaintiffs' potential damages exceed $75,000 because the Song-Beverly Act allows a plaintiff to recover actual damages, plus up to two times the compensatory damages in civil penalties, as well as attorneys' fees and costs. (NOR 4–6; Resp. 4–10.) Defendant asserts that Plaintiffs' actual damages in controversy total at least $15,339.44, including a mileage offset, additional offsets, and deductible options. (Resp. 5–6.) Defendant also contends that "the 2.0-times maximum civil penalties [are] available as a matter of law," which "brings the total damages to $46,018.32." (*Id.* at 9 (emphasis omitted).) Finally, Defendant claims that "[b]ased on [Defendant's] prior experience in similar matters, a reasonable estimate of Plaintiffs' attorneys' fees accumulated up to this point in litigation is $5,000." (NOR 6.)

Defendant's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. *Castillo v. FCA USA, LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019); *Estrada v. FC US LLC*, No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and are not adequately supported by the facts and evidence"). Further, Defendant fails in its burden with respect to attorneys' fees. The Court is not persuaded that the authority Defendant cites is sufficiently analogous to justify inclusion of the estimated attorneys' fees in assessing the jurisdictional amount in controversy. *See Kaplan v. BMW of N. Am., LLC*, No. 21-cv-00857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021) ("[Other] cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08891-ODW (MARx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Tinajero Colon et al v. General Motors LLC et al.* | | |

    Regardless, even were the Court to include all the damages Defendant claims are in controversy, Defendant fails to meet the jurisdictional threshold. Adding actual damages ($15,339.44), two times civil penalties ($30,678.88), and attorneys' fees ($5,000), the amount that Defendant contends is in controversy totals only $51,018.32. This falls short of Defendant's burden to establish the requisite jurisdictional amount in controversy of $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court **REMANDS** this case to the Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 25STCV24068.

    In light of this disposition, Plaintiffs' Motion to Remand, (Dkt. No. 15), is **DENIED AS MOOT**. All dates are **VACATED**. The Clerk of the Court shall close this case.

    **IT IS SO ORDERED.**

                                                                             :    00

Initials of Preparer    SE